**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, <br><br> Plaintiff-counter-defendant-Appellee, <br><br> v. <br><br> JENNIFER A., <br><br> Defendant-counter-claimant-Appellant. | No. 15-15841 <br><br> D.C. No. 3:14-cv-04379-RS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted May 16, 2017[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER and TALLMAN, Circuit Judges, and HUCK,[***] District Judge.

Defendant-Appellant Jennifer A. ("Appellant") appeals the district court's order granting judgment on the pleadings to Plaintiff-Appellee Travelers Commercial Insurance Company ("Travelers"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This is an insurance coverage dispute between a claimant, Appellant, and an insurer, Travelers, which provided a homeowners' liability insurance policy to the insured, third-party Jeffrey W. Jeffrey had contemporaneous, unprotected sex with multiple partners, thereby placing Appellant in fear of contracting HIV and hepatitis. Jeffrey's policy provided a duty to defend or indemnify claims for bodily injury caused by an "occurrence," which is defined as "an accident." The issues are whether Jeffrey's conduct triggers a duty to indemnify or defend Jeffrey, and whether an alleged ambiguity affirmative defense precluded judgment on the pleadings.

Jeffrey's acts of unprotected sex with other women, the conduct for which liability was imposed, were deliberate acts and therefore were not accidents within

---

[***] The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

the meaning of the policy. *See Delgado v. Interins. Exch. of Auto. Club of S. Cal.*, 211 P.3d 1083, 1086 (Cal. 2009); *Merced Mut. Ins.Co. v. Mendez*, 261 Cal. Rptr. 273, 279 (Ct. App. 1989). As such, Travelers had no duty to indemnify Jeffrey under the homeowners' insurance policy. Additionally, because these facts, as pleaded in Appellant's complaint, create no potential for coverage, "there is no duty to defend." *Uhrich v. State Farm Fire & Cas. Co.*, 135 Cal. Rptr. 2d 131, 137 (Ct. App. 2003) (quoting *Quan v. Truck Ins. Exch.*, 79 Cal. Rptr. 2d 134, 138 (Ct. App. 1998)). Therefore, Travelers had no duty to defend Jeffrey against Appellant's lawsuit because the allegations did not raise any possibility of coverage. *See Gray v. Zurich Ins. Co.*, 419 P.2d 168, 176–77, 176 n.15 (Cal. 1966).

Finally, Appellant's ambiguity defense is a defense that challenges the prima facie case put forward by Travelers in its complaint for declaratory judgment. *See State Farm Mut. Auto. Ins. Co. v. Superior Court*, 279 Cal. Rptr. 116, 118 (Ct. App. 1991). Appellant's defense does not foreclose judgment on the pleadings. Because contractual ambiguity is a question of law for the court to decide, *Sprinkles v. Associated Indem. Corp.*, 114 Cal. Rptr. 3d 887, 891 (Ct. App. 2010), and because the term "accident" is not ambiguous under California law, *Delgado*, 211 P.3d at 1086, the district court appropriately granted judgment on the

pleadings, *see Dunlap v. Credit Prot. Ass'n, L.P.,* 419 F.3d 1011, 1012 n.1 (9th Cir. 2005).

Each party shall bear its own costs.

**AFFIRMED.**